Good morning, your honors. May it please the court. I'm Todd Eiliff, representing appellants Ronald and Deanna Byers. On the surface, this case seems perhaps a bit convoluted, even complex. The district court, in fact, called the Byers' arguments convoluted and referred to them as a rube goldmine. You'll have to speak up for me, please. I apologize, your honor. The district court referred to our arguments as convoluted and a rube gold bird contraption. When this case is distilled down to its elements, however, the issues are actually very simple. Does Minnesota statutes section 507.02 provide Deanna Byers with a property interest in her 30 plus year marital homestead? And if so, what is the extent of that property interest and does that property interest... Under federal law. Under federal law. Does that property interest... Initially, at least. Yes, sir. Its effect on federal tax liens is not. Well, in this case... It has to be a vested interest as defined in federal tax statutes and decisions. And we contend that it is, your honor. What cases said that explicitly? No case has, on these facts, has expressly said that. Haven't the cases tend to say something to the contrary, that there is no vested right for homestead until the eventuality of the death of the spouse? I believe the US v. Pilla case did go into that. That's a district court case. That case did go into that issue, but we contend that the analysis there was somewhat misguided and not on point to this case. And the reason being, in that case, they said the marital interest was contingent based on the fact that there could be a marriage dissolution or there could be a death of the spouse. We contend that this is not a contingent interest. Deanna Byers is living. The Byers are married. What about all the Supreme Court of Minnesota cases that talk about it as being inchoate? There is the Snortum case, for example. I saw more than that, just in the annotations to 507.02. I saw a number of references, cases over the course of decades, referring to this interest as inchoate if, as here, the marriage occurs after the husband has acquired fee title. Well, the specific facts here are a little bit different, and those cases, all of them. Only the mortgage facts, I mean. Yes, and... Which is post-marriage and post-acquisition. In this case, we have Ronald Byers acquiring title before the marriage, solely and exclusively. What makes it vested as opposed to inchoate, if federal law considers that distinction essential? All of the cases that talk about inchoate interest have to do with either tendencies in common or joint tendencies. And they have to do with joint tendencies seeking to be severed. Those analyses are based on severances of the joint tendency interest or the tenants in common interest. They are not based on this particular fact situation, and the facts are important here. How is this case different than what was discussed in the Barg Supreme Court case from Minnesota? Well, Barg is a case that turned on the issues of... That's in a state, that's a probate case, and that had to do with a Medicaid issue, recovery of a Medicaid medical assistance lien. The difference there was the Bargs were... When they were married, they were, I believe, joint tenants. They sought to sever the joint tendency. So, as I recall, Mrs. Barg transferred the property to Mr. Barg because she was going to be going into nursing care. And then there was an issue of whether or not she retained an interest after that. So that's the differentiation here. But the status of the spouses in both cases was the same. They didn't have title. They were no longer owners of an interest in the property. Mrs. Barg conveyed out her joint tendency interest, and so there was an issue of whether she... Well, how is that different from not ever having it? The difference in this particular case is Mrs. Byers, because she participated in the property over a 30-plus year marriage, made the mortgage payments, and that's in the record, it's stipulated or uncontested, that she participated in this for over 30 years. And that gets to the essence of our argument, which is this statute, 50702, is designed to protect that innocent spouse, to protect that homestead, to keep that spouse in the homestead, if at all possible, because that's been deemed by the legislature to be very important. That's the primary function and purpose of 50702. Then we get to Rogers, which says, if there is an interest, it needs to be protected. Is there a jurisdictional issue in this case? Could you clarify your question, please, Your Honor? Well, it seems that there was, as I understand, a potential jurisdictional problem with how the case, whether or not we're dealing with a final appealable order. We don't believe so, Your Honor, and I know the government has submitted a post-briefing letter argument, which we concur with. There should be no issue. We are appealing from the summary judgment order. Subsequent to that, there was some motion practice in district court, motion for the appointment of a receiver and actually a sale of the property by the government, and we also moved to stay those proceedings. We believe that this is a final and appealable order and can be decided by the court. I was going to briefly discuss the Rogers factors. There's four factors that are mentioned in Rogers that are important. If the court determines that there is an interest in the real property, is it such an interest that needs to be protected? And we contend that, per Rogers, it does, in fact, need to be protected. Now, you're talking about protection. I thought Mrs. Byers did not attempt to block the sale. She did not, Your Honor. She wants half the proceeds. That is correct. So that's not protecting the homestead interest. She's agreeing that, oh, it's okay to divest me of that inchoate interest as long as I get my money. Yes, and that is true. She did not contest the sale, and the Byers did not contest the sale in this case for personal reasons. They chose not to do that, and the issue was if she has an interest, that interest is of value. It is a pecuniary interest and an interest that can be transferred or valued. You're stating that, but in what way is it transferable, and in what way does it have a pecuniary value? Thank you, Your Honor. Yes. So our argument is in order to give a mortgage or a voluntary lien on the property, the spouse must sign off under 50702. So if they want to get a mortgage, which they did in this case in 1994, I believe, Mrs. Byers, even though she had no ownership interest in the property, was required by the mortgage company to sign off. And at least in Minnesota real estate law practice, that is the common practice and always has been because of 50702. The non-owner spouse signs off on the mortgage because if the non-owner spouse did not sign off on the mortgage, that mortgage company or the mortgagee could not ever foreclose that non-owner spouse's interest. She must transfer that interest. When she transfers that interest by signing the mortgage, that's done for consideration. They receive a loan. That's why we contend that doesn't. If she transferred the interest when she signed the mortgage loan, then you've got no claim at all here. This is all circular, and I'm beginning to come around the way the district court described it. No, Your Honor. So if she transfers her interest when she signs the loan, by that I mean she subjects her interest to the lien of the mortgagee. I perhaps misspoke by using the word transfer. She does not transfer the interest. No, Judge Graz used it, and because of the cases talk about that. Well, the point that I was attempting to make was that it is a transferability issue. It is a she receives value back when she signs off on the mortgage. Therefore, that is a pecuniary value. I am going to reserve the remainder of my time for rebuttal unless there are further questions. Thank you. Ms. Hauser. Good morning, Your Honor. I'm Bethany Hauser on behalf of the United States. And I'm shorter, I guess, than a opposing counsel. You can raise and lower the entire. Let me know. I just want to make sure you can hear me and that the microphone is reaching me. Good morning. This is a case that was correctly decided by the district court below. The United States brought this case to foreclose on property owned by Mr. Byers because Mr. Byers had an unpaid federal tax debt of over $300,000. That was more than the value of the property. So the United States brought this case in an effort to recover some of that unpaid debt. Counsel, would you agree that the United States is seeking to benefit from the 30 years of mortgage payments made by Mrs. Byers without any compensation to her? No, Your Honor. Isn't it undisputed that she made mortgage payments for 30 years and therefore increased the equity in the home? The mortgage was used to pay off a preexisting mortgage. Wouldn't the value of the home be increased by those payments? The value of the real property? Yes. That mortgage has been paid off, so the United States lien is superior to there's no existing mortgage on the property. I'm just making the point that it seems the government is getting a benefit here without compensating Mrs. Byers for 30 years of mortgage payments. That may be the law, but it seems to be the reality. I think that's a matter between the Byerses. Mr. Byers, under Minnesota law, my understanding is Mr. Byers could have transferred part of his interest in the property to Mrs. Byers. Obviously, if she had been extremely dissatisfied with her situation, she could have sued to dissolve the marriage and sued for some compensation. It seems likely that the Minnesota divorce laws would have given her some benefit. But under the laws that exist, absent that kind of transfer. I'm just pointing out the equities of the situation. This is a lien foreclosure case. It's a straightforward question of property law, and the making of payments on a mortgage, especially in a case like this where the person making payments has no title to the property, does not lead to a property interest that goes unrecorded but gradually accrues against other creditors. That's not the way Minnesota property law works or that anyone has argued, really, that it works. So, again, that would be a matter for Minnesota state law between the parties if there's some inequity there, Your Honor. Mrs. Byers has argued that this case should be governed by Rogers. As we argued in our brief, the difference between Rogers and this case is that Rogers is governed by Texas law and this case is governed by Minnesota law. Texas law is very clear that the homestead interest in that state attaches at the time of marriage and becomes a vested interest at that time, whereas Minnesota law, as Judge Logan has already pointed out, is clear that the homestead interest does not vest until the death of the other spouse, remains inchoate until the death of the other spouse. And we can see this in how the states themselves treat their own interests with respect to the property, that under Texas law, at least according to Note 12 in Rogers, when Texas condemns a property, it must pay out on the marital interest, on the homestead interest, whereas in Minnesota law, under the estate of Bard case, when Minnesota goes to recover under the Medicaid Recovery Act, it has to forego its interest in any money it might have recovered based on this interest because it views this interest as inchoate and holds that the interest dissipates without any transfer of value at the death of the first spouse. Counselor, are there any states other than Texas where a homestead right has been held to be a vested, compensable property right? I am not prepared to give you a survey of 50 states. The briefing in the Rogers case suggests that Oklahoma had the same rule as Texas. The briefing in the Rogers case was quite some time ago, and I would be reluctant to rely on that without updating the research. In the Pilla case, which was decided shortly after Rogers, this court remanded the case to the district court to determine whether Rogers applied in the same way in a Minnesota property law case. The district court in Pilla held that Minnesota law was distinguishable from Texas law on exactly this basis, that the Minnesota law held that the spousal interest did not vest and that case was appealed and affirmed without opinion on appeal. This is also the position that this court took before Rogers under Arkansas law, that it did not vest. This is, as I may already have said, a fairly simple case. The property belonged to Mr. Byers in fee simple. Mr. Byers owed a large federal tax debt, and the United States foreclosed upon that. The district court ruled that Mrs. Byers was not entitled to any compensation. That decision is correct and should be affirmed. Thank you. Thank you. Roberto. Thank you, Your Honors. So just very briefly, I did wish to state that this interest, it's not a matter of when or if it vested. It's vested upon the marriage. 50702 is very clear and says the spouse is entitled to what? The right to block. The homestead. It's a right to block, but it's not a veto. The government contends that this is some kind of a veto power. It's not a de facto veto power. It's an interest in the real property because it's designed to protect the homestead. And to Your Honor's point, this is a 30-year marriage where she paid down on the mortgage, participated in the increasing equity over time through real property inflation over that period of time. And so government gains a windfall by that, and her interest is completely excluded. Under the Rogers factors, one of the factors is the innocent party undercompensated. That's the third factor in the Rogers case. And here she would receive nothing, or she does receive nothing. The point that I was hoping to make is that the key here is it is an equitable issue. The statute is designed to protect the spouse and her right in the homestead. Rogers says that right and the interest needs to be protected. That's all unless I have further or there are further questions. Well, it seems to me it becomes equitable if the interest is vested for federal law purposes and you have to get into how to value and so forth. But whether it's a vested interest under federal law strikes me as a question of law, not equity. It is a question of law, Your Honor. I do agree with you there, yes. And our contention is that 50702 creates that right. It's there for a reason. I know that. And there are those cases that you mentioned that... You would argue this to legislators thinking to change the law in terms of equity. What they do if they amend or don't amend. I wish the statute was more clear. I wish the case law was more clear. I wish the case law was more on point to the specific facts situation that we have here. And you wouldn't have the fun of... They wouldn't be here, yeah. I wouldn't have the pleasure of being before Your Honors this morning. That is correct. But that is our point is the... All of these cases are about vastly different fact scenarios. This is a long-term marriage. They're still married. They're still alive. There is no contingency here. And that's the point we're trying to make. Any further questions? Thank you very much, Your Honors. The argument has helped to clarify. And I don't think it's a convoluted case, but it's unusual and at least tricky. So we will take it under advisement.